Please the court. My name is Kayvon Sadegi and I represent Appellant Kennard Davis. I'd like to reserve two minutes and I will do my best to keep track. Very well. I'll try and help you. Go ahead. These coordinated appeals relate to two civil cases brought by Mr. Davis in which his request for a guardian ad litem was denied despite the fact that he was found to be incompetent. And his cases were stayed indefinitely. The stay will only be lifted on a motion supported by evidence that, quote, plaintiff has been found to be restored to competence. And that part of the order is in the excerpt of record at page 10. Do we know what his status is now? He is still on involuntary medication. I believe he's been moved to an enhanced outpatient program within the prison system. And that was the last I heard from him was a couple weeks ago. And he does have a guardian appointed but it's in a different case in the central district? Correct. His name is Davis. Exactly. Okay. And that was where the finding that he was incompetent originated. And it was the court in this proceeding took judicial notice of that finding. And I assume, although it's not really relevant to this case, that the fees of the guardian, if there are any, would be paid out of Criminal Justice Act funds for that appointment. But the problem here is we've got no way to pay anybody to take on this kind of a representation. I believe that's correct. Some of the opinions cited in my opening brief suggest that there may be exceptions under which an indigent civil plaintiff's case could be paid for under that act when they're a prisoner. That's something that I'm less familiar with. The only one that I know of is paying for counsel on a civil habeas review that's related to the criminal case. Right. By a putative plaintiff, and I know of no authority to pay either counsel or a guardian ad litem under. Understood. I think you're correct. That's why we're here. Yeah, yeah. I understand. Judge, if I may ask something. Yeah. He has not been declared a ward of the state or has he? I don't believe he's been declared a ward of the state. Okay. He's incarcerated, obviously. So that's in this mental health program. But I don't think other than the finding of incompetence since habeas proceeding that there's any other orders. So getting to what is another appropriate order, which you're arguing that the state order was not, I think that Davis had moved to put his name on a waiting list. Would that constitute another appropriate order? Or what other possibilities could the judge have considered? Well, I think that that's one of the issues that we have with the order. It's an issue that there just are not factual findings articulated so that we can really evaluate its rationale. I think that Rule 17c2 requires that the court do more than was done here. If it truly exhausts the ability to find a guardian where it thinks one is appropriate, it may be that there's nothing that could be done that, other than putting him on a waiting list, I would hope to see more of a record that there's nothing else that can be done before taking that step. So are you saying that all that's necessary is more of a record? Do we have any cases in the Ninth Circuit giving us guidance? I think you cited a Third Circuit case. Giving guidance as to? What a magistrate judge should do in determining how to protect the interests of the incompetent person under 17c. Well, as far as the specific steps that should be taken, I don't think the Ninth Circuit has really expressed exactly what should be done. And in Crane v. Smallwood, the court suggests that appointing counsel rather than a guardian ad litem, which may seem like a subtle distinction, but that appointing counsel may be another appropriate order. So if we're trying to fill in the gap, what would you have our opinion say? Well, I think there are a few things that need to be specified. Some of the other cases that I point to suggest, one, that more than was done here should be done, and specifically that, you know, and I think what the court suggested in U.S. v. 30.64, acres of land when discussing the appointment of counsel, this court noted that in its experience, if the district court is to reach out to members of the bar, they tend to be very receptive of the need to provide free legal services. And, you know, I understand that there is an ADR and pro bono coordinator, but it may be that the district court could reach out directly. It may be that the district court could agree to stay the case but have it be lifted if the incompetent person is able to come forward to nominate somebody who could be a guardian or that it can be reconsidered in, you know, some number of months' time. You've got a different problem, though. In 30.64 acres, it was a government condemnation action of the incompetent plaintiff's land and a question of the appropriate valuation that the government would ultimately have to pay. I can see in a case like that where with an incompetent plaintiff, you definitely need a guardian ad litem in order to either direct the prosecution of his condemnation challenge or to agree to a settlement of the claim at whatever the guardian would determine to be a reasonable amount. The problem here is he is a putative plaintiff on two claims that may or may not have merit. And what he really needs, since he's not competent, is both a guardian ad litem and a lawyer to handle a claim, because at some point either there's going to be a settlement offer or there is going to have to be an assessment made as to whether or not these claims are even meritorious. And only a guardian ad litem would have the authority to bind him with a decision one way or the other as to whether to continue prosecuting the claim or to compromise it in some way. So I think the district court would have to appoint both. I think that the best course of action is certainly to appoint both. I do think that Crane v. Smallwood's suggestion that another appropriate order in certain circumstances may be that appointing counsel would be sufficient if the court finds that that will protect his interests. I would like to see an articulated rationale for why that would be sufficient. To protect his interests, it seems to me, the guardian is probably more important. He doesn't have a constitutional right, and there's no authority to order the appointment of counsel in a civil case. So what we would essentially have to do is request, and I use that term distinct from appoint as the case law discusses, request a lawyer to undertake the representation pro bono and a GAL to undertake those duties pro bono. And I guess what you're saying is if there's nobody willing to do that, we need a better record here than simply I talked to the ADR pro bono coordinator, and they say they can't find anybody. Right. I think the biggest problem here is that the conditions of the stay, lifted only upon his return to competence when there's no suggestion that he will ever return to competence, is effectively doing exactly what Rule 17c2 precludes you from doing, which is putting them out of court despite the fact that they are incompetent. And the protection under Rule 17c2, I understand in 30.64 Acres, the issue is that it really was in the United States' interest to be able to settle the matter in a way that, resolve the matter in a way that would present a record. But the focus really in 17c2 is not on protecting the adverse litigant's ability to resolve the case. It is on protecting the incompetent litigant. And here his claims were found to state, he was found to state cognizable claims on the 1915A screening, which is a low threshold. I was just going to say, I mean, it doesn't necessarily say he's got a credible case. He's got a colorable claim, whatever that means. Exactly. And I think that to the extent that there are claims that could be resolved on legal briefing, it would be more likely that appointing just counsel but not a guardian would get closer to the bar of sufficing, whereas if it's something that needs to be settled, I agree, a guardian. You're suggesting a two-step process. First we get him a lawyer, and then let's see how the litigation proceeds. If it gets to the point where we need a guardian, then we revisit that issue. Right. And for this Court's purposes here, the myriad of possibilities that could come up before the district courts is really why this provides discretion for the district court to provide another appropriate order. It's just really, you know, I think at this stage important for the court to reemphasize that the district courts really have to be mindful of their obligations just to protect the incompetent litigant. And when you have a situation like this where the most likely situation is that the litigant will remain incompetent, to issue an order that offers no protection unless he becomes restored to competency does nothing to protect an incompetent litigant. Well, it was worse than that. I mean, the case has actually been dismissed and closed. Right. Administratively closed. Yeah. And, I mean, an argument could be made that the statute of limitations is now running on his civil rights claim, and even if he is restored to competency, by the time that happens, he's out of time, and therefore his claims are gone. Yeah. I'm sure he would take the position that the state preserves, you know, all of his rights, despite the fact that they're administratively closed in connection with the state. But the court did more than just stay. I mean, normally you just enter the order, and then you maintain the case on the docket. That didn't happen here. Right. And they denied all outstanding motions without distinction between them. I mean, one of those motions was actually a motion to dismiss, filed by Dr. Marder. It was denied just because it was an outstanding motion. I mean, everything in the case was just, you know, summarily dismissed, and it was stayed. And I think that's inappropriate. I know you wanted to save a couple minutes, but I'll give you a couple minutes on rebuttal. Let's hear from Mr. Zaladan Zapata. Thank you. Good morning. Jose Zaladan Zapata, Deputy Attorney General for the Prison Official Defendants and the Prison Medical Staff Defendants. May it please the Court, this case presents an interesting procedural issue about Rule 17, but I just, as we strongly urged on the Court, there's a very serious jurisdictional problem. Well, isn't it effectively out of court, based on the conversation I just had with opposing counsel? I mean, the Court did more than just enter a stay. It actually dismissed the case. No, Your Honor. And actually, that's one of the first things that I wanted to address. If you look at the Court's actual order, the District Court's final order in this case, or the stay order here, it's at Excerpts of Record 10. The Court didn't dismiss the case. It stayed the case. It administratively closed the case, which is a different situation. And in my experience, what District Courts do is when there's no pending matter and the parties have to reopen the case by filing a motion. So in terms of your concern, Judge Coleman, about a statute of limitations issue, there isn't a problem in this case. The case is still pending in the District Court. So which brings me back to the issue of Rule 17, the District Court's responsibility to issue an appropriate order. As we pointed out in our answering brief, the District Court here was confronted with a situation where it had three possible options. Appoint a guardian ad litem, but there was no one available, according to the systems that are in place in the Eastern District. Dismiss the case without prejudice, in which case plaintiff might have a statute of limitations problem. Or what it ultimately ended up doing is staying the case, which avoids a statute of limitations problem, and protects the plaintiff's rights given the limitations that it had to deal with. Go ahead. You know, Mr. Davis moved to put his name on a waiting list, and the court didn't consider that either. I had asked opposing counsel would that be enough, and opposing counsel said, well, with a rationale or with findings. I don't see why there's only three options. The District Court didn't really explain that or consider options that were actually proposed to. Your Honor, that is correct, and it's unclear from the record from the District Judge's decision why it did not, even though it obviously considered that alternative, it's unclear from the record why the District Court didn't do that. I submit to the, well, first of all, I want to, before I address your question directly, I just want to say, defendants are here not having asked for the District Court's rule and are defending it on a legal basis because we think that there is, the District Court did what it did under the proper abuse of discretion standard. This Court should affirm. Nevertheless, we think that there is a potential problem, both from the perspective of the plaintiffs and the defendants, from indefinitely staying the case. And if the Court were to go ahead and say the District Court should consider other alternatives to a stay, such as a stay that's periodically reviewed, we wouldn't necessarily have an objection to that. Let me suggest something to you. I spoke with Susan Gelmas, one of our supervising staff attorneys, to ask whether or not there might be somebody available outside the District of Nevada. And she indicated that she would work with, if the Court ordered it, that she would work with the coordinator in Sacramento to see if maybe we couldn't find somebody here in the Bay Area or perhaps a law school clinic or a mental health rights organization that might have access to counsel who would be willing to undertake this kind of a case. Would you have any objection to those court-to-court efforts to see if we can resolve the representation problem? As I said, Your Honor, basically our concern is equally to go ahead and get the case moving, because obviously defendants would like to go ahead and make a record and have a concern about making sure that witness memories don't fade and that sort of a thing. And if this case were to, if there were someone available and the case could get moving forward, obviously that would be down to the benefit of both the plaintiff and the defendants. So we wouldn't have any objection to that. Okay. I can go ahead and address the legal issues. Go ahead, Judge. If the Court is, in terms of jurisdictional issues, I understand the Court isn't really interested in those. I'll just go ahead and... I mean, it just seems that given this fellow's mental state, he's been in this condition since 2007, there's no indication in the record that he's getting any better. The psychotropic medications don't seem to be helping him any. So an indefinite stay, it seems to me, on this record, for all practical purposes means he is effectively out of court. Okay. So if that's the case, then we do have jurisdiction, and now we can move on to what do we do now? I would suggest that it isn't an indefinite stay, because the district court, contrary to the plaintiff's argument, the district court didn't stay the case indefinitely and denied a guardian ad litem with prejudice. The district court didn't say the denial was without prejudice, and there is a possibility, which the plaintiff has attempted to do, to try to reopen the case and say, look, it's been a year, two years, whatever it's been since the court stayed the case. Nothing's moving forward. I request that the case be reopened. Is there someone available now? But we've got a cart before the horse problem. He's got to have a lawyer to do that for him. And as I understand, our appointment of counsel here was solely for purposes of this appeal. And I haven't asked him yet whether he would be willing to undertake the representation, and I'm not going to presume that he would say yes. So, you know, how do we solve that problem? From a practical point of view, Your Honor, the district court docket reflects that Mr. Davis was able to file a number of pleadings in the district court, either with the assistance of someone or by himself. Nevertheless, I do understand your concern, so I'll just go ahead and move forward. He's not competent. He's not competent. Now, apparently he does things that on the surface appear to be much like we see from lots of pro se plaintiffs. But I think we have to assume for purposes of this discussion that he's incapable of managing his way through the rules of civil practice. I understand. So I'll just go ahead and move into the Rule 17 issue. And I just submit, as we pointed out in our answering brief, that the district court was faced with a very difficult situation. And our primary concern is that the suggestions the plaintiff has in terms of what the district court could have done differently and in terms of the record that it did, it's as a matter of just being able to second guess and say what the district court could have done. Yes, I think it might be possible to go ahead and come up with alternatives. But under an abusive discretion standard, the question is whether the district court abuses discretion. And the district court did consider a number of alternatives. And perhaps it didn't consider the CJA issue or the issue of putting Mr. Davis's name on the waiting list, even though that was mentioned. And it's unclear why that happened. But under an abusive discretion standard, our concern would be that there is appropriate deference for the district court's difficulty in preparing that at the same time that we understand that as a practical matter, it would be better to get this case moving forward. So Section 17, the language of it, requires the order to protect an incompetent person. So how did the district court's order here protect Mr. Davis? Thank you, Judge Aikuda. You reminded me of a point that I wanted to stress. Plaintiff argues that the district court's order here doesn't help him continue his litigation of this case, and it obviously doesn't because it states the case and doesn't appoint him a guardian ad litem. But what the rule says is protects the interest that the district court has to enter an order that protects the interest of the incompetent person. Because the guardian ad litem was not available, the district court stayed the case, which prevented a statute of limitations issue. This goes back to the first point that I was making in response to Judge Chalmers' question. The district court did not dismiss the case. And I think that the district court's understanding that that was the best way to protect Mr. Davis' rights, given the potential fact that he couldn't prosecute the case and the fact that the district court didn't want him to have a statute of limitations problem. It just administratively closed the case, left open the possibility that the parties can go ahead and reopen the case at a later point. And I, given the language in Crane v. Smallwood and 30.64 acres, that was within the district court's discretion. But, again, we wouldn't necessarily have any objection to some sort of, if the court could come up with counsel or a guardian ad litem for the plaintiff inmate so the case could proceed forward. So both defendants can go ahead and start moving on the case and prepare their defenses. Unless there's any further questions. I have nothing further. Why don't we. Thank you. Thank you very much. Do you like my idea or not? I do like your idea, Your Honor. Okay. I wanted to spend a good portion of this time just to thank you for making those inquiries on Mr. Davis' behalf. And I don't know that I'll need the full two minutes absent any questions from you. I just wanted to point out that the argument that was just raised about the possibility that the stay could be open, that someone could move, that issue was raised in Lockyer as well and rejected. The court noted that there's an argument that although the stay was technically open to reconsideration, that was not sufficient because there's no basis to suppose the district court contemplated any reconsideration of the decision. And that's really the same issue here. Of course, any order is technically open to reconsideration, all the cases pending. But here the district court suggested that it was only going to lift the stay if he no longer needed a guardian ad litem and he was competent. So there's nothing in the record to suggest that it was going to reconsider appointing a guardian. If I may follow up on a question Judge Acuda asked you originally, if the court is considering remanding back down to the lower court, in your opinion, how much direction is appropriate that this court issues to the lower court? Right. That's a very good question. I think that the district court here and the magistrate plainly saw that he was incompetent and that a guardian would be preferred at least if not necessary and did request one. And so obviously people are struggling with this and want to fulfill this obligation. And I think the question is what guidance can be provided. I think suggesting other steps that should be considered without mandating that anyone should be considered in any case, I think the inquiries that Your Honor made suggesting reaching out to resources, whether they're public interest resources or legal clinics, making direct requests to the bar, these are all putting them on a waiting list. Reconsidering the availability at a defined time period, three months or six months, allowing him to reopen it on a motion if he can nominate somebody. And these are all steps that could be taken that would be worth considering but I don't think should be mandated in any particular case. Thank you. Anybody have anything else? Counsel, let me just say thank you on behalf of the court for agreeing to undertake the pro bono representation. We very much appreciate it. And Mr. Davis may or may not, but I thank him on your behalf and his behalf as well. And I'd like to thank you on his behalf for taking this seriously and for making the response path. And I don't mean to put you on the spot. I assume since you're in New York that it would be difficult for you to undertake the representation. It would be difficult, Your Honor, and I do thank you for not making any presumptions on that. All right. Thank you both very much. The case just argued is submitted. We'll get you an answer as soon as we can.
judges: Gordon, Tallman, Ikuta